# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

SETH HENDERSON, individually
and on behalf of all others
similarly situated,

      Plaintiff,

vs.                                                   Case No. 5:23-cv-289-MMH-PRL

BLUE DIAMOND GROWERS,

      Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court sua sponte. On October 10, 2023, Plaintiff Seth Henderson filed Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Second Amended Complaint (Doc. 27; Response). Pursuant to the Local Rules of the United States District Court, Middle District of Florida (Local Rule(s)), "[a] party responding to a motion may file a legal memorandum no longer than twenty pages inclusive of all parts." Local Rule 3.01(b) (emphasis added). The Response violates Local Rule 3.01(b) in that, even aside from the table of contents and table of authorities, it is twenty-four pages in length. Because Plaintiff did not obtain permission to exceed the page limit as provided in Local Rule 3.01(b), the Response is due to be stricken.

Additionally, the Court notes that Plaintiff concludes his response by asserting that "the Court should deny Defendant's Motion <u>or in the alternative grant leave to file a Third Amended Complaint</u>." <u>See</u> Response at 24 (emphasis added). However, a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. <u>See</u> Fed. R. Civ. P. 7(b); <u>see also</u> <u>Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.</u>, 48 F. 4th 1222, 1236 (11th Cir. 2022) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quoting <u>Newton v. Duke Energy Fla., LLC</u>, 895 F.3d 1270, 1277 (11th Cir. 2018))); <u>Rosenberg v. Gould</u>, 554 F.3d 962, 965 (11th Cir. 2009).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(a) and 3.01(g). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. <u>See</u> Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. <u>See</u> Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the

proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same). Thus, if Plaintiff embeds a similar request for relief in his amended response, the Court will not consider it. Plaintiff is advised that, if he wishes to pursue such relief, he is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Accordingly, it is

**ORDERED:**

1. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Second Amended Complaint (Doc. 27) is **STRICKEN**.

2. Plaintiff shall have up to and including **October 20, 2023**, to file an amended response to Defendant Blue Diamond Growers' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 22) that complies with the Local Rules of this Court.

3. Plaintiff's counsel must review the Court's Local Rules and assure that all future filings comport with the requirements.

**DONE AND ORDERED** in Chambers this 11th day of October, 2023.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record